## WILLIAMS et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. July 5, 1922.)

No. 1960.

1. **Criminal law ⊚⟹1159(2)—Motion for directed verdict authorizes review of sufficiency of evidence.**

The making and overruling of a motion for the direction of a verdict in defendants' favor enables the Circuit Court of Appeals on writ of error to review and pass on the sufficiency of the testimony to sustain the verdict.

2. **Criminal law ⊚⟹878(3)—Conviction on one count was acquittal of offenses charged in others.**

In a prosecution under the White Slave Act (Comp. St. §§ 8812–8819), defendant's conviction of persuading, inducing, enticing, and coercing a woman to go from one state to another for immoral purposes *held* in effect an acquittal under counts charging him with procuring and aiding in procuring and furnishing transportation.

3. **Prostitution ⊚⟹4—Improper acts, not violating federal statute, cannot sustain conviction.**

The federal courts deal only with violations of the federal law, and where the evidence in a prosecution under the White Slave Act (Comp. St. §§ 8812–8819) is insufficient to show a violation of the statute, a conviction cannot be sustained, no matter what acts of impropriety the parties may have been guilty of; they being amenable for such acts to the local authorities.

4. **Conspiracy ⊚⟹23—Conviction set aside, when evidence insufficient as to one defendant.**

When a conviction for conspiracy to violate the White Slave Act (Comp. St. §§ 8812–8819) is set aside as to one defendant for insufficiency of the evidence, it must be set aside as to the other; conspiracy being an offense which can be committed only by two or more persons.

James F. Williams and another were convicted of offenses, and they bring error. Reversed, and new trial awarded.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Robert J. Gantt, of Spartanburg, S. C., for plaintiffs in error.

Ernest F. Cochran, U. S. Atty., of Anderson, S. C. (J. E. Marshall, Asst. U. S. Atty., of Greenville, S. C., on the brief), for the United States.

Before KNAPP and WADDILL, Circuit Judges, and WEBB, District Judge.

WADDILL, Circuit Judge.   The plaintiff in error, Williams, was indicted at the October term, 1921, of the District Court, under the Act of Congress of June 25, 1910, commonly known as the "White Slave Act" (Comp. St. §§ 8812–8819), and both Williams and plaintiff in error Maude McAbee were at the same time jointly indicted under section 37 of the Criminal Code (Comp. St. § 10201), for conspiracy to violate the White Slave Act, in connection with the same offense for which Williams was indicted separately.  The indictment against Williams contained three counts; the first charging that he did on the 9th of July, 1920, feloniously and knowingly transport, and aid and assist in obtaining transportation for, Maude McAbee in interstate commerce, over the Southern Railroad, a common carrier of passengers for hire, from Spartanburg, S. C., to Hendersonville, N. C., for an immoral purpose, to wit, that he should have unlawful sexual intercourse with her.  The second count charges that Williams, on the same day, at Spartanburg, did feloniously and knowingly persuade, induce, entice, and coerce, and cause to be persuaded, induced, enticed, and coerced, and did aid and assist in persuading, inducing, enticing, and coercing, Maude McAbee to go in interstate commerce from Spartanburg, S. C., to Hendersonville, N. C., with the intent and purpose on the part of the said Williams that he should have unlawful sexual intercourse with her, and that he knowingly caused and assisted in causing her to go and be transported over the lines of the Southern Railroad, a common carrier of passengers for hire between the points aforesaid.  The third count charges the same offense as that contained in the first count, on the part of the said Williams, and the transportation between the same points of the said Maude McAbee for the like purpose, by means to the grand jurors unknown.

The second indictment was jointly against Williams and Maude McAbee, charging in the first count that they feloniously conspired that the said Williams would transport and cause to be transported, and aid and assist in transporting, Maude McAbee from Spartanburg, S. C., to Hendersonville, N. C., over the line of the Southern Railroad, a common carrier for hire, in interstate commerce, for immoral purposes, and that he should unlawfully cohabit and have sexual intercourse with her, and that Williams furnished the money, the exact amount being unknown, to transport and assist in obtaining the transportation for her between the two points named, and that Maude McAbee, in order to effectuate said conspiracy, and in pursuance thereof, did go from Spartanburg, in the state of South Carolina, to Hendersonville, in the state of North Carolina.  The second count charges the precise offense against the same parties, for transportation

between the same points, save that the means by which the transportation was effected were unknown. The third count charges specifically the same offense as the first count of the joint indictment, with the exception that the transportation was to be effected over the Southern Railroad, between Spartanburg, S. C., and Asheville, N. C. The fourth count charges the same offense against the two parties, the transportation likewise to be between Spartanburg, S. C., and Asheville, N. C., but by means to the grand jurors unknown.

The two cases were heard together—that is, submitted to the same jury—with an agreement and understanding that separate verdicts should be rendered in each case, with the result that the jury returned a verdict of guilty against Williams on the second count of the separate indictment only, and a verdict of guilty against both Williams and McAbee under all four counts of the joint indictment. Upon these verdicts judgments were rendered against Williams under the second count of the separate indictment, and the punishment fixed at two years and six months in the penitentiary, and a fine of $1,000, and against both defendants under the joint indictment, imposing a sentence of one year and a day against Williams, the same to run concurrently with the term imposed in the separate case, and for one year and a day against Maude McAbee. From this action of the court, these writs of error were sued out.

Sundry assignments of error are made to the court's ruling, which need not be considered in detail, save in three respects, viz.: Error in rulings of the court in admitting in evidence certain letters of Williams, over the objection of the plaintiffs in error; second, in holding that the evidence was sufficient to sustain the verdicts and judgments rendered thereon, including proof of the overt act in the conspiracy case; third, that the verdicts in the two cases were inconsistent one with the other.

[1] We shall consider first the questions arising under the second head, as to whether there was evidence sufficient to warrant the verdicts of the jury. At the conclusion of all the testimony in the cases, the plaintiff in error Williams, by counsel, moved the court to direct a verdict in his favor under both indictments, which was overruled by the court. The making of this motion, and its overruling, enables the court on writ of error to review and pass upon the sufficiency of the testimony to sustain the verdicts, and we will dispose of that question first.

[2] The effect of the finding of the jury that the plaintiff in error Williams was guilty under the second count of the indictment—that is, of persuading, inducing, enticing and coercing Maude McAbee to go to Hendersonville—was in effect an acquittal of the other two offenses charged under that indictment, namely, procuring and aiding in procuring, and furnishing transportation in interstate commerce. We have given much thought to this case, and examined the testimony with the utmost care, viewing it from every legitimate standpoint that we think the facts warrant, and are forced to the conclusion that, however strong the testimony may tend to establish the alleged acts of immorality, as well in South Carolina as in North

Carolina, it utterly fails to establish against Williams the offense of persuading, inducing, enticing, and coercing Maude McAbee to make the trip in interstate commerce, either by the Southern Railway or by any other means, between either of the points mentioned in the indictment, for immoral or any other purpose. So far from the evidence establishing Williams' guilt under this count of the indictment, the government's testimony negatives the idea that he did anything of the sort, and, on the contrary, shows that she was forced to leave Spartanburg by the local police authorities, and she did on that account, and for that reason alone, leave town.

[3] In this court we have only to deal with violations of federal law; that is, with offenses it condemns; and unless there is proof, such as is sufficient in criminal cases, to show that a federal statute has been violated, either by the transportation or persuading, inducing, enticing, and coercing Maude McAbee to leave Spartanburg, no conviction can be sustained, and no offense has been committed of which the federal government, or its courts, have cognizance; it matters not what acts of impropriety, otherwise, the parties may have been guilty of, they, as respects such offenses, being alone amenable to the local authorities. The jury acquitted Williams of any participation in the transportation of McAbee.

This leaves for determination only the question of whether the testimony sustained the verdict under the second count. To our minds, in the light of the principles herein stated, as applicable to a criminal case, it was wholly insufficient, and the District Court should have instructed a verdict for the defendant. Considering the sufficiency of the testimony against Williams under the conspiracy indictment, it seems to us that the proof regarding the transportation, and aiding and assisting in procuring transportation, of Maude McAbee in interstate commerce, between either of the places mentioned in the states of South and North Carolina, or in any manner, particularly in the light of the verdict of the jury in the separate indictment against Williams, for the actual commission of the alleged offense, is also wholly insufficient, and the court should have instructed a verdict for him on his motion to take the case from the jury.

[4] Having reached these conclusions, as to both indictments against Williams, it follows that the verdict and judgment against Maude McAbee should be set aside, as no conviction against her under the joint indictment for conspiracy can be maintained in the light of his acquittal; conspiracy being an offense which can be committed only by two or more persons.

The other two legal questions presented, and so earnestly pressed for our consideration, as to the admission of the letters of the plaintiff in error Williams to Maude McAbee, written some six months after the date of the commission of the alleged offense, and the effect of the admission of those letters admitted to be in Williams' handwriting, which McAbee denies having received, and the weight to be given such letters, as well as whether or not there was any commission of an overt act in the conspiracy charged, all present interesting and more or less difficult questions, which need not be disposed

of now, as they become immaterial under the conclusions reached by us. We do not desire to definitely pass upon these questions, especially as there was no exception to the charge of the court, which gave the court's reasons for its action, and the weight which should be given to the letters; but, in passing, we may say we are strongly inclined to the view that, as the letters were written long after the commission of the offense, and were of a strongly prejudicial character, they should not have been admitted. We feel likewise that the court erred in its conclusion as to the weight that should be given to the letters against Maude McAbee; their subject-matters not relating to what was done in furtherance of effecting the alleged conspiracy, and before the consummation of the same. The testimony from our viewpoint also fails to establish, with the sufficiency required in a conspiracy case, the commission of an overt act on the part of either of the plaintiffs in error.

The judgment of the lower court should in both cases be reversed, and a new trial awarded.

Reversed.