955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard MIKE, a/k/a James Michael, Defendant-Appellant.
 No. 91-5003.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1991.
Decided Feb. 20, 1992.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., Senior District Judge. (CR-89-326)
 Argued: David Paul McCann, Charleston, S.C., for appellant; Albert Peter Shahid, Jr., Assistant United States Attorney, Charleston, S.C., for appellee.
 On Brief: E. Bart Daniel, United States Attorney, Charleston, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before K.K. HALL, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Mike appeals his convictions for distribution of cocaine and conspiracy to distribute cocaine. We affirm.
 
 I.
 
 2
 On February 22, 1989, Chuckie Ackerman, acting as a government informant, met with Jimmy Lee Williams to purchase cocaine. Williams gave Ackerman a kilogram of cocaine and was arrested before any money exchanged hands. Williams agreed to cooperate by naming and helping to apprehend his drug supplier, Richard Mike. In order to make it possible for Williams to assist the investigations in an undercover capacity, he was released on a personal recognizance bond after he agreed to return the next day to give a statement. Upon Williams' return to the police station, officers arranged for him to call Mike to set up a meeting in order to collect payment for the cocaine that had already been given to Ackerman. When Williams telephoned Mike to schedule the meeting, police tape recorded their conversation. The police planned for an undercover officer to pose as the buyer at the meeting with Williams and Mike.
 
 
 3
 On the day of the meeting, police followed Williams and Mike as they drove to the meeting place. At one point, Williams and Mike stopped, and the officers observed Mike outside his vehicle arguing with Williams while holding a shotgun in his hand. Mike then returned the shotgun to the trunk and continued to the meeting. After Mike and Williams arrived at the agreed location, the undercover officer posing as the buyer engaged Mike in conversation. They discussed the cocaine sale, and Mike stated that he was impatient for his money. This conversation was also recorded. On a predetermined signal, police arrested Williams and Mike. A search of Mike's person uncovered two shotgun shells and $5,400 in cash.
 
 
 4
 On October 17, 1989, a grand jury returned a two-count indictment against Williams and Mike. The indictment against Mike charged that, on or about February 22, 1989, he conspired with Williams and other persons unknown to the grand jury to distribute a kilogram of cocaine. Count two charged that Mike also committed the substantive act of distribution of cocaine. A jury trial was held. The direct evidence against Mike consisted primarily of two tape recordings, one of the telephone conversation when Williams arranged the meeting and the other of the meeting when the undercover officer posed as the buyer. Williams testified at trial, however, that inculpatory statements made at the police station regarding his participation in drug dealing were involuntary, and that he identified Mike as his source only because the police told him that the charges against him would be dropped if he would do so.
 
 
 5
 Furthermore, Williams testified that he had pre-arranged the telephone conversation with Mike in order to frame him. Williams hoped that by cooperating to incriminate Mike, he would help himself. According to Williams' testimony, on the day of his arrest, Mike thought they were going to an automobile auction, and he had agreed as a favor to help Williams collect a debt because they needed cash at the auction.
 
 
 6
 On Williams' request, the trial court instructed the jury on entrapment, and the jury subsequently acquitted him. The court agreed to give an entrapment instruction for Mike but, as a condition, ruled that it would admit, as relevant to predisposition, evidence that Mike purchased cocaine in 1984. Mike elected to forego the entrapment instruction in order to preclude admission of the evidence. He was convicted on both counts and was sentenced to concurrent terms of 120 months imprisonment and concurrent terms of eight years supervised release. Mike appeals.
 
 II.
 
 7
 Mike argues that the district court erred by not granting his motion for a judgment of acquittal because Williams, his only co-conspirator, was acquitted by the jury, and because the evidence was insufficient to prove that he distributed cocaine or conspired to distribute cocaine.
 
 
 8
 Mike's first argument is precluded by United States v. Thomas, 900 F.2d 37 (4th Cir.1990), a case cited by neither party. In Thomas we recognized the invalidity of the common law "rule of consistency" in the light of United States v. Powell, 469 U.S. 57 (1984), and Standefer v. United States, 447 U.S. 10 (1980). Consequently, Mike's conviction will not be overturned simply because his only coconspirator was acquitted by the jury.
 
 
 9
 Any verdict, whether "inconsistent" or "consistent," challenged for insufficiency of the evidence is reviewed the same: the court must determine "whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." Powell, 469 U.S. at 67. By reviewing each guilty verdict for sufficiency of evidence, the courts ensure that a defendant will be protected from jury error or irrationality. Id.
 
 
 10
 Consequently, Mike was not entitled to an acquittal if the evidence, viewed most favorably to the government, supported a rational verdict that he conspired with Williams or others. Based on our review of the record, we are convinced that the evidence was sufficient.* Therefore, we affirm.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Appellant also argues that the court erred in conditioning an entrapment instruction on the introduction of a prior drug sale, and that the court erred in admitting evidence, over objection, of the shotgun found in his car's trunk immediately after his arrest. Reviewing both orders under an abuse of discretion standard, we find no abuse