976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gloria Jean SMITH, Defendant-Appellant.
 No. 91-5181.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 9, 1992
Decided: September 24, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-91-210-A)
 James C. Clark, Land, Clark, Carroll & Mendelson, P.C., Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, William G. Otis, Assistant United States Attorney, Lena D. Mitchell, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gloria Jean Smith appeals her convictions on four counts of illegal possession of marijuana and heroin and illegal importation of heroin under 21 U.S.C.A. §§ 841, 952, 955, 960 (West 1981 & Supp. 1992). Smith was acquitted of two counts of illegal possession of heroin. We affirm Smith's convictions.
 
 I.
 
 2
 In May of 1991, Smith arrived at Dulles International Airport from a trip to Nigeria. A customs official referred Smith for baggage inspection, during which another official noticed her frequent trips abroad and payment of cash for the $2,900 tickets for her most recent trip. She was subjected to an intensive search, and officials discovered hangers in her luggage containing 469 grams of seventy-five percent pure heroin. Sixty-six grams of marijuana were discovered in Smith's socks.
 
 
 3
 At trial, Smith denied knowledge of the presence of the heroin in her luggage, but admitted her intentional possession and importation of the marijuana. Smith alleged that a maid in the home in which she stayed during her time in Nigeria packed her bags for her and put the hangers filled with heroin in her luggage. Her defense was lack of mens rea, as a result of being an unwitting courier. The prosecution presented expert testimony that heroin transport does not take place by unwitting courier, but rather that couriers are recruited from the United States and Europe. The prosecution also presented testimony of the customs officials showing that Smith became agitated when the hanger was taken from her luggage for X-ray inspection. Her formerly light tone with the officials became tense, high-toned, and agitated. Her body posture changed from a relaxed stance to a "fight-type stance."
 
 II.
 
 4
 With regard to sufficiency of the evidence challenges, this Court "[reviews] the evidence and all reasonable inferences arising from it in the light most favorable to the government." United States v. Laughman, 618 F.2d 1067, 1076 (4th Cir.), cert. denied, 447 U.S. 925 (1980). If "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," Jackson v. Virginia, 443 U.S. 307, 319 (1979), the conviction must be upheld.
 
 
 5
 The evidence regarding mens rea presented by the government was circumstantial in nature. It consisted of statements regarding Smith's demeanor upon the search of her bags. Smith contends that her "credible explanation for her lack of knowledge" of the drugs in her luggage entitles her to a finding that the evidence was insufficient as a matter of law. First, it is important to note that credibility of witnesses is a matter of fact left to the jury. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). The jury's finding on credibility is not subject to review here. It is apparent that the jury found Smith's contention incredible. Second, the circumstantial evidence presented by the prosecution allowed the jury to draw inferences: (1) that Smith's agitation was due to her knowledge of the heroin in the hangers; and (2) that she was a recruited drug courier. The evidence, along with its inferences, was sufficient for a reasonable trier of fact to find guilt as to the mens rea requirement of the crimes.
 
 III.
 
 6
 Smith next attacks the one conviction on importation of heroin in light of the acquittals on the other two heroin charges. The fact that inconsistent verdicts are rendered in a prosecution does not provide grounds for assigning error. United States v. Thomas, 900 F.2d 37, 40 (4th Cir. 1990) (citing United States v. Powell, 469 U.S. 57 (1984)). In Powell, the Supreme Court reasoned that the mere inconsistency of verdicts does not necessitate a finding that the government benefitted rather than the Defendant. Powell, 469 U.S. at 65. Whether the inconsistency is due to mistake or lenity, one thing remains clear-the jury was convinced of guilt as to the guilty verdicts. Id.
 
 
 7
 Smith's citations to Ashe v. Swenson, 397 U.S. 436 (1970), and United States v. Gipson, 553 F.2d 453 (5th Cir. 1977), are unhelpful.
 
 
 8
 In both of those case the inconsistent verdicts were also infected with other infirmities and were not merely inconsistent. Here Smith argues that the mere inconsistency illustrates reasonable doubt in the minds of the jurors. This argument is in direct conflict with Powell and Thomas.
 
 IV.
 
 9
 In conclusion, Smith has failed to show that no reasonable jury could have found guilt beyond a reasonable doubt on the evidence before the jury below. Thus the evidence was sufficient. Additionally, the mere inconsistency of the conviction and acquittal on related counts is insufficient to provide reversible error. Thus, Smith's convictions are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED