7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Ray BOWLES, Defendant-Appellant.
 No. 92-5895.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 25, 1993.
Decided: September 24, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-92-62-5-F)
 Thomas N. Cochran, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 James R. Dedrick, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Kenneth Ray Bowles appeals from the district court's order sentencing him to seventy-one months' imprisonment for bank robbery, a violation of 18 U.S.C. § 2113(a) (1988). Bowles alleges that the district court's application of United States Sentencing Commission, Guidelines Manual, § 2B3.1(b)(1) (Nov. 1991)[1] was unconstitutional and that the district court's assignment of three points to Bowles's criminal history calculation under U.S.S.G. § 4A1.1(a) was erroneous. Because we find no error, we affirm.
 
 
 2
 In August 1992 Bowles pled guilty to one federal count of bank robbery. In October 1992 Bowles was sentenced to ten years' imprisonment on unrelated state charges. In December 1992 Bowles was sentenced to seventy-one months' imprisonment on the federal count. During sentencing the district court heard Bowles's objections to the presentence report concerning the two-level increase under § 2B3.1(b)(1) for robbery of a financial institution and the three-point criminal history assessment under § 4A1.1(a).[2] The district court found Bowles's objections without merit.
 
 
 3
 First, Bowles complains that § 2B3.1(b)(1) violates the Equal Protection Clause, in that it increases the offense levels only of robbers of financial institutions and post offices, while embezzlers and other larcenists are not subject to such increases. Because no suspect class or fundamental right is involved, the inquiry is whether " 'the legislature rationally could have decided that the classification would further the statutory purpose.' " United States v. Thomas, 900 F.2d 37, 39 (4th Cir. 1990) (citation omitted).
 
 
 4
 Our only question, then, is whether a two-level increase for robbery of a bank is rationally related to the sentencing goals of punishment and deterrence. Unquestionably, the increase is rationally related to these objectives. First, the level of danger inherent in a bank robbery is greater than that in an embezzlement or other larceny of a bank. Second, robbery may very well be "easier" than embezzlement, due to the time involved in setting up a feasible embezzlement situation. Banks have gone to great lengths to protect against the type of insider theft that larcenies other than robbery typically involve. Because the two-level increase is rationally related to legitimate state ends, there was no equal protection violation.
 
 
 5
 Next, Bowles complains about the district court's assignment under U.S.S.G. § 4A1.1 of three criminal history points for a prior sentence of imprisonment. Bowles contends that, because a state sentence imposed in October 1992 was to run concurrently with the (then announced) federal sentence, he had not served any portion of the state sentence at the time of his federal sentence. Thus, Bowles contends, the district court thus incorrectly assigned three criminal history points. See U.S.S.G. § 4A1.2, comment. (n.2).
 
 
 6
 Bowles's contention is without merit. When he was sentenced pursuant to the federal conviction, he had already begun to serve his state sentence. The date of a North Carolina court's order of commitment is the date that service of the sentence is to begin, unless the order states otherwise. N.C. Gen. Stat. § 15A-1353 (1988). The state order was dated October 19, 1992. Bowles was sentenced on the federal crime in December 1992. The district court correctly found that the assignment of three criminal history points was proper.
 
 
 7
 Having found no merit to either of Bowles's assignments of error, we affirm the district court's order. We deny Bowles's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The recent amendments to the guidelines have not altered the sections pertinent to this appeal in any manner
 
 
 [2]
 The original sentencing hearing in November was continued to December to allow more time for Bowles's counsel to prepare; the district court had previously stated that a sua sponte departure might be had