21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Chad Eric EVANS, a/k/a Chad Johnson, Defendant-Appellant.
 No. 93-5294.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 17, 1994.
Decided April 1, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert E. Payne, District Judge. (CR-92-133-N)
 William P. Robinson, Jr., Robinson, Madison, Fulton & Anderson, Norfolk, VA, for appellant.
 Helen F. Fahey, U.S. Atty., Carol M. Marx, Special Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Chad Eric Evans was convicted of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base (crack), 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1993). He appeals his conviction on the ground that the evidence was insufficient to support the verdict. He also appeals his 360-month sentence, alleging that the guideline sentencing scheme* for crack offenses violates the Eighth Amendment and is discriminatory. We affirm.
 
 
 2
 The indictment charged Evans and others with conspiring to bring cocaine from New York to Virginia for distribution. Evans stipulated at his trial that the conspiracy existed, but denied that he was a member. Co-defendants Howell Miller and Vandelette Ware, Miller's girlfriend, testified that Evans was a friend of Junior Murray, who pooled money with Miller and Clive McDermott to buy cocaine in New York. Evans made two trips to New York with Miller, Ware, McDermott, and others. On each of these trips, five kilograms of cocaine were purchased. The money for the purchase and the cocaine obtained were transported hidden behind a rear interior side panel of a Nissan Sentra driven by one person, while the other conspirators travelled in a different car. Evans came to the apartment shared by Miller, Ware, and McDermott at least once to pick up drugs for Junior.
 
 
 3
 In the early morning of April 22, 1991, authorities observed Evans arriving at Miller's apartment in a Nissan Sentra. Shortly afterward, a search warrant was executed at Miller's apartment. Evans was sleeping on a mattress in the living room; a gun was under the mattress. Miller testified that Evans was present because a trip to New York to buy another three kilograms of cocaine had been planned for that morning. In the course of the search, 40.5 grams of crack were found in the kitchen. Miller had over $40,000 in cash in his bedroom and a large amount of cash was found in McDermott's bedroom.
 
 
 4
 No money was found on Evans or in the Nissan Sentra, which was registered to "Chad Johnson." Evans was not then charged. However, the Nissan was impounded by police after the search. While the Nissan was in the police lot, Evans inquired about getting the car back, and was informed that the owner of the car would have to make those arrangements. Not long afterward, a rear interior side panel was found pried loose on the Nissan. A handwriting expert testified at trial that "Chad Johnson" was really Evans.
 
 
 5
 Evans points out minor inconsistencies in the testimony of Miller and Ware, and argues that their evidence was insufficient to support the verdict. A jury verdict must be sustained if, taking the view most favorable to the government, there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The question is whether any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). The evidence presented here was sufficient to allow the jury to find beyond a reasonable doubt that Evans was a member of the conspiracy.
 
 
 6
 Evans was held accountable for 6.5 kilograms of crack, and sentenced to a term of 360 months under the sentencing guidelines. He does not contest the calculation of his sentence. He contends that the relative harshness of sentences for crack as opposed to those for cocaine powder is cruel and unusual and is discriminatory because more African-Americans than white Americans are convicted of crack offenses.
 
 
 7
 The sentences and drug equivalences in the guidelines are derived from 18 U.S.C.A. Sec. 841. See U.S.S.G.Sec. 2D1.1, comment. (n.10). We have previously found that the penalty structure ofSec. 841 for cocaine and crack offenses does not violate the Eighth Amendment or the Equal Protection Clause. United States v. Thomas, 900 F.2d 37, 39 (4th Cir.1990). As in Thomas, Evans' sentence of less than life without parole does not require extended proportionality review, and we find that his sentence is not disproportionate to the crime committed. Although the sentencing scheme for crack and cocaine offenses may have a disproportionate impact on blacks, this alone does not make out an equal protection violation. United States v. D'Anjou, --- F.3d ----, No. 93-5020, slip op. at 13 (4th Cir. Feb. 16, 1994).
 
 
 8
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1 (Nov.1992)