30 F.3d 131
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Louis BARNES, Defendant-Appellant.
 No. 93-5643.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 23, 1994.
Decided: July 20, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Sr., District Judge. (CR-92-272-D)
 James B. Craven, III, Durham, NC, for appellant.
 Walter C. Holton, Jr., U.S. Atty., David B. Smith, Asst. U.S. Atty., Greensboro, NC, for appellee.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Raymond Louis Barnes pled guilty to three counts of distribution of crack cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), and was sentenced to a term of 120 months. He appeals his sentence, contending that the district court erred in refusing to depart downward because of the disparate impact on black defendants of the sentencing scheme for crack cocaine offenses under which one unit of crack is equated with 100 units of cocaine powder. We affirm.
 
 
 2
 During the sentencing hearing, Barnes asked the district court to depart on the ground that the disparate impact on blacks of the crack sentencing scheme was a mitigating circumstance not anticipated by the Sentencing Commission. He relied on United States v. Majied, No. 91-38(02), 1993 WL 315987 (D. Neb. July 29, 1993), affirmed, United States v. Maxwell, --- F.3d ----, ----, 1994 WL 202727 (8th Cir. May 26, 1994) (rejecting disparate impact as ground for departure and vacating sentence). The court declined to depart, finding that Majied was not controlling, that the Sentencing Commission did not intend that race be a factor in sentencing, and that the determination of the proper penalties for crack and cocaine was a question for the legislature.
 
 
 3
 On appeal, Barnes directly challenges the constitutionality of the sentencing scheme for crack offenses effected in Sec. 841 and guideline section 2D1.1.[1] Because he did not ask the district court to decide the constitutionality of the statute and the guideline, that issue has not been properly preserved for appeal, and receives only plain error review. United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir.1993), citing United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993).
 
 
 4
 At the time Barnes was sentenced, this Court had decided that the crack to cocaine ratio in Sec. 841 and the guideline is not racially discriminatory, is rationally related to a legitimate government end, and does not violate the Equal Protection Clause. United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990). More recently, we held in United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir.1994), petition for cert. filed, May 16, 1994, (No. 93-9131), that the crack to cocaine ratio in guideline section 2D1.1 does not violate equal protection, despite evidence of a disproportionate impact on blacks. No plain error occurred when Barnes was sentenced.[2]
 
 
 5
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 We note that this Court has also rejected the basis for the departure in Majied. See United States v. Bynum, 3 F.3d 769, 774-75 (4th Cir.1993) (holding that the disparate effect on blacks of the cocaine and crack sentencing scheme is not a factor which should result in a departure, even if the Sentencing Commission did not anticipate it), cert. denied, 62 U.S.L.W. 3552 (U.S.1994)