46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maureen Patricia LAWRENCE, Defendant-Appellant.
 No. 94-5387.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1995.
Decided Feb. 10, 1995.
 
 William Alden McDaniel, Jr., LAW OFFICES OF WILLIAM ALDEN MCDANIEL, JR., Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, John F. Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Maureen Patricia Lawrence pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine base, 21 U.S.C.A. Sec. 846 (West Supp.1994). She was sentenced to a term of 135 months, and appeals her sentence on the ground that the sentencing scheme prescribed by 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994) for crack offenses, as applied to her, violated the Eighth Amendment. We affirm.
 
 
 2
 Lawrence stipulated as part of her plea agreement that she was involved with 150 to 500 grams of crack. Taking into account Lawrence's leadership role and her acceptance of responsibility, the final offense level was thirty-three. The district court departed downward to put Lawrence in criminal history category I, thus making her offense level 135-168 months. She received the lowest possible sentence under the guidelines, a sentence which was nonetheless higher than the mandatory minimum of 120 months.
 
 
 3
 At the sentencing hearing, Lawrence objected to the sentence, stating through counsel that she believed it generally inappropriate to give higher sentences for crack cocaine than for cocaine powder. Although she presented no argument on the issue, the district court found that the penalties for crack were statutorily authorized and constitutional. It noted that the issue had been preserved for appeal.
 
 
 4
 On appeal, Lawrence argues that the penalties for crack offenses are arbitrary and capricious as applied to her, and resulted in cruel and unusual punishment in violation of the Eighth Amendment. She relies on United States v. Walls, 841 F.Supp. 24 (D.D.C.1994), in which the district court held that the crack sentencing scheme was arbitrary and capricious and resulted in cruel and unusual punishment as applied to two defendants with minor roles who were drug addicts, but did not violate the Eighth Amendment as applied to other defendants.
 
 
 5
 Lawrence's argument on appeal is different from the one she presented to the district court, and we review it under a plain error standard. United States v. Bornstein, 977 F.2d 112, 115 (4th Cir.1992). We have previously held that the penalty structure for crack and cocaine offenses is not arbitrary and does not violate the Eighth Amendment. See United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990). Therefore, the district court did not plainly err in sentencing her.
 
 
 6
 Accordingly, the sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED