**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5272

PATTIMUS JONES, a/k/a Pattimus,
a/k/a Pacman, a/k/a Buddy Jones,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-93-187-R)

Submitted: November 21, 1995

Decided: May 13, 1996

Before WILKINSON, Chief Judge, and LUTTIG and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Wayne D. Inge, Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Stephen U. Baer, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pattimus Jones appeals from his conviction of and sentence imposed for engaging in a conspiracy to distribute crack cocaine in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1981 & Supp. 1995), and to acquire firearms in Virginia and transfer them to New York with the intent to trade the firearms for cocaine in violation of 18 U.S.C.A. § 924(g)(2) (West Supp. 1995). He argues on appeal the district court abused its discretion in denying his motion for a continuance of the trial date and that the district court erred in overruling his objections to the sentencing disparity between crack cocaine offenses and cocaine powder offenses. We affirm.

I.

On December 16, 1994, after twice allowing Jones's appointed counsel to withdraw from representation--one at Jones's request and the other due to a perceived conflict--the court appointed Jones's present counsel to represent him at the trial scheduled to begin on January 9, 1995. At the time, counsel stated that he could be prepared for the scheduled trial.

On January 4, 1995, counsel moved for a continuance of the trial. The court denied the motion. After the trial on January 9 and 10, the jury returned a verdict of guilty. Jones moved to set aside the verdict and for a new trial, arguing that twenty-three days--seventeen if Christmas weekend and New Years weekend are excluded--was inadequate time for counsel to prepare for trial and to render effective assistance.

During the hearing on this motion, counsel explained that the problem was not in preparing for the trial, but in "getting to know my client and developing a legitimate confident attorney/client relationship

2

with him." Counsel argued that he had inadequate time to develop Jones's trust so that they could seriously discuss his plea without Jones thinking that counsel was merely trying to process him through the system.

The court denied the motion to set aside the verdict and for a new trial and imposed a 188-month sentence to be followed by sixty months of supervised release.

II.

This court reviews the district court's decision to deny a continuance of trial for an abuse of discretion. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). Abuse of discretion has been defined as " `an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay'." United States v. LaRouche, 896 F.2d 815, 823 (4th Cir.) (quoting Morris v. Slappy , 461 U.S. 1, 11-12 (1983)), cert. denied, 496 U.S. 927 (1990). To prevail, the defendant must show that the denial prejudiced his case. See LaRouche, 896 F.2d at 823.

In this case, Jones had two prior attorneys and present counsel had twenty-three days to prepare for trial. Counsel also had the benefit of one of the prior attorney's files which included notes regarding plea negotiations. Counsel conceded that he had sufficient time to prepare for trial; he argued that it was insufficient time for him to develop a relationship with Jones.

Counsel's trial conduct evidences that he had adequate preparation time. Counsel effectively cross-examined the government's witnesses and effectively presented Jones's defense. Also, counsel introduced several pieces of documentary evidence, including a copy of Jones's birth certificate from New York. Because counsel had adequate time to prepare for trial, we find that the denial of a continuance was not "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay." LaRouche, 896 F.2d at 823 (quoting Morris, 461 U.S. at 11-12).

Moreover, Jones has failed to show that he was prejudiced by the denial of the continuance. Counsel contends that Jones was prejudiced

by the denial of the continuance because the lack of additional time prevented Jones from making an informed decision as to how to plead. However, Jones had been adequately advised by previous counsel regarding his plea options, and he declined a favorable written plea agreement. Present counsel had the former attorney's file which contained the plea agreement that Jones previously rejected. This plea offer, which would have resulted in a sixty-month sentence, was still open up until a day or two before trial. We find that Jones has failed to show that the denial of additional time for preparation has resulted in any prejudice to him. See LaRouche, 896 F.2d at 823. In sum, we find that the district court did not abuse its discretion in denying Jones's motion for a continuance of trial.

III.

Jones also argues that the district court erred in overruling his objection to the distinction the sentencing guidelines make between crack cocaine and cocaine powder. This court has addressed this issue and has consistently upheld the disparity in sentences for offenses involving crack versus powder cocaine. See United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir.), cert. denied, 114 S.Ct 2754 (1994); United States v. Bynum, 3 F.3d 769, 774 (4th Cir. 1993), cert. denied, 114 S.Ct 1105 (1994); United States v. Thomas , 900 F.2d 37, 39-40 (4th Cir. 1990).

IV.

In conclusion, we affirm Jones's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4