**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4490

WAYNE MCDOUGALL, a/k/a Jamal,
a/k/a Winthrop McDougall,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-95-249)

Submitted: December 12, 1996

Decided: December 24, 1996

Before MURNAGHAN, NIEMEYER, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Matthew Martin, MARTIN & MARTIN, P.A., Hillsborough, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Clifton T. Barrett, Assistant United States Attorney, Laura M. Wolfe,
Third Year Law Student, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wayne McDougall pled guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C.A. § 846 (West Supp. 1996). Citing the 1995 Annual Report of the United States Sentencing Commission, McDougall claims on appeal, as he did below, that the 100-to-1 statutory ratio for cocaine powder and crack offenses is arbitrary, racially discriminatory, and denies him his right to due process because of its disparate impact on African-American defendants. The district court denied the objection, and sentenced McDougall to 188 months' imprisonment, a term of five years' supervised release, and a special assessment of $50.

This Court has considered this claim many times before,* and we decline to revisit our prior decisions holding that the disparity in sentencing between cocaine base and powder cocaine offenses is constitutionally permissible. While McDougall relies on Congress's directive to the United States Sentencing Commission to propose additional amendments to Guidelines, Congress did not adopt the Sentencing Commission's recommendation to eliminate or reduce the disparity. See United States v. Hayden, 85 F.3d 153, 157-58 (4th Cir. 1996). Accordingly, we decline McDougall's invitation to reconsider this issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

_____

*United States v. Fisher, 58 F.3d 96, 98-100 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923); United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir.), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3861 (U.S. June 27, 1994) (No. 93-9131); United States v. Bynum, 3 F.3d 769, 774-75 (4th Cir. 1993), cert. denied, 510 U.S. 1132 (1994); United States v. Thomas, 900 F.2d 37, 38-40 (4th Cir. 1990).