**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 97-4331**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEMAR LAMONT MOORE,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Catherine C. Blake, District Judge.  (CR-95-170)

―――――――――

Submitted:  September 22, 1998          Decided:  October 19, 1998

―――――――――

Before WIDENER and NEIMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

James K. Bredar, Federal Public Defender, Beth Mina Farber, Chief Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.  Lynne A. Battaglia, United States Attorney, Brent J. Gurney, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Demar Lamont Moore was convicted of possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994). The district court sentenced him to a 235-month term of imprisonment followed by five years of supervised release. On appeal, Moore claims that Congress violated the equal protection component of the Due Process Clause when it rejected an amendment proposed by the United States Sentencing Commission which would have eliminated the disparity under the sentencing guidelines between offenses involving crack cocaine and cocaine powder. See Federal Sentencing Guidelines, Amendment, Disapproval Act, Pub. L. No. 104-38, 109 Stat. 334, 334-35 (1995) (rejecting the Sentencing Commission's proposed changes for reduction of the sentencing disparity for crack and powder cocaine offenses). Finding no error, we affirm.

Moore contends that Congress's rejection of the amendment was racially discriminatory. While acknowledging this court's prior decisions holding that the disparity in sentencing between cocaine base and powder cocaine offenses is constitutionally permissible,[*] Moore argues that this court has never addressed the specific is-

---

[*] See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Hayden, 85 F.3d 153, 157-58 (4th Cir. 1996); United States v. Fisher, 58 F.3d 96, 98-100 (4th Cir. 1995); United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir. 1994); United States v. Bynum, 3 F.3d 769, 774-75 (4th Cir. 1993); United States v. Thomas, 900 F.2d 37, 38-40 (4th Cir. 1990).

sues raised in this appeal regarding the equal protection violation occasioned by Congress's rejection of the Commission's proposed amendment. We disagree and decline to revisit our prior decisions.

Accordingly, we affirm Moore's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3