**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5114**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SENTWAL SMITH,

        Defendant – Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, District Judge.
(1:07-cr-00556-JFM-1)

Submitted:  May 8, 2009            Decided:  June 9, 2009

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Brendan A. Hurson,
Assistant Federal Public Defender, Baltimore, Maryland, for
Appellant.   Rod J. Rosenstein, United States Attorney,
Christopher J. Romano, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sentwal Smith pled guilty to possession with intent to distribute fifty grams or more of cocaine base. Smith received the mandatory minimum 120-month sentence. On appeal, Smith challenges the constitutionality of the crack to powder cocaine sentencing ratio and contends that he should have received a sentence below the statutory minimum. Finding no error, we affirm the sentence.

We have repeatedly held that the sentencing disparity between cocaine powder and crack offenses does not violate either equal protection or due process. See United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (collecting cases and holding that § 841(b)(1)(A) has a rational basis). Smith argues that, although he concedes that Congress may have had a rational basis for enacting the crack to powder cocaine sentencing ratio, that reasoning is no longer rational and therefore violates equal protection. However, in addition to the holding in Burgos, in United States v. Thomas, 900 F.2d 37 (4th Cir. 1990), this court considered whether § 841(b) has a rational basis and decided that "Congress could rationally have concluded that distribution of cocaine base is a greater menace to society than distribution of cocaine powder and warranted greater penalties because it is less expensive and, therefore, more accessible, because it is considered more addictive than

2

cocaine powder and because it is specifically targeted toward youth." Id. at 39-40. While Smith maintains that data collected since Thomas was decided has eroded the factual support for its holding, he concedes that Kimbrough v. United States, 128 S. Ct. 558 (2007), does not call into question the disparity he is challenging.

Generally, appellate courts review sentences imposed by district courts after United States v. Booker, 543 U.S. 220 (2005), for reasonableness, applying an abuse of discretion standard. United States v. Gall, 128 S. Ct. 586, 597-98 (2007). First, the appeals court examines the sentence for "significant procedural error," and then it considers the "substantive reasonableness of the sentence." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (citing Gall, 128 S. Ct. at 597). Reviewing the substantive reasonableness of the sentence entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range. Id. We conclude that Smith has not identified any significant procedural error and that the sentence is substantively reasonable.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED