978 F.2d 1256
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Pearley Candor HEMINGWAY, a/k/a P.C., Defendant-Appellant.
 No. 91-5320.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 17, 1992
Decided: November 12, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-90-89)
 Jack B. Crawley, Jr., Raleigh, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Linda Kaye Teal, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 Affirmed.
 Before WILKINSON and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Pearly Candor Hemingway was convicted by a jury of conspiracy to possess marijuana with intent to distribute (21 U.S.C. § 846 (1988) & 18 U.S.C. § 2 (1988)) and attempting to possess marijuana with intent to distribute (21 U.S.C. § 846 (1988)). He appeals his conviction and the sentence imposed, and we affirm.
 
 
 2
 Hemingway negotiated to buy a twenty-five pound bale of marijuana from an undercover agent calling himself "Larry," and to pay the $16,000 price half in cash, half in cocaine of equal value. He then persuaded the agent to front him a second twenty-five pound bale of marijuana. Many, but not all, of the agent's conversations with Hemingway and with Denise, a woman who took messages for him were recorded. On the appointed day, Hemingway and another friend, Claudette Blackmon, drove from Charlotte, North Carolina, to a town near Raleigh, North Carolina, to meet the agent at a motel, stopping along the way to call the agent and get directions. When they arrived at the motel parking lot, Hemingway asked if the agent had brought the "stuff," viewed the two marijuana bales, and asked for a sample. He explained that he had not brought any"stuff" (cocaine) because he was unable to find any, but he showed the agent a box full of cash and said it was "all there." At this point, the arrest signal was given and officers surveilling the transaction arrested Hemingway and Blackmon and pretended to arrest the agent. The box contained $11,000. Hemingway also had $1,450 in his pocket, and Blackmon had $2,379 in her purse.
 
 
 3
 After being advised of his Miranda[1] rights at the sheriff's department, Hemingway stated that he had come to Raleigh to find out about doing a paving job[2] for Larry, and knew nothing about Larry being involved with drugs. He said the money in the box was to obtain a bond for doing the paving. When Larry was revealed as an undercover officer, Hemingway said nothing more.
 
 
 4
 Hemingway and Blackmon were both charged with conspiracy and attempting to possess the marijuana. Before trial, Hemingway sought to suppress the statements he made after his arrest, alleging that he had been questioned by one of the arresting officers at the arrest scene before being advised of his rights. We find no error in the district court's denial of the motion to suppress. The statements Hemingway made after waiving his Miranda rights were admissible even if he had been previously questioned. Oregon v. Elstad, 470 U.S. 298 (1985).
 
 
 5
 In this appeal, Hemingway contends that the evidence was insufficient to convict him of either conspiracy or attempt. Blackmon was acquitted on both counts, and Hemingway argues that her acquittal on the conspiracy count means that there was no evidence he conspired with anyone since the agent could not be counted a member of the conspiracy and there was no evidence of Denise's involvement. However, the inconsistent verdicts do not invalidate Hemingway's conviction. See United States v. Powell, 469 U.S. 57 (1984); United States v. Thomas, 900 F.2d 37, 40 (4th Cir. 1990) (acquittal of sole coconspirator does not require reversal of defendant's conviction). The elements of an attempt are (a) an intent to commit a crime and (b) an overt act, or "substantial step," toward its commission which corroborates the intent. United States v. Pelton, 835 F.2d 1067 (4th Cir. 1987), cert. denied, 486 U.S. 1010 (1988). Hemingway's negotiations, shown by the recorded conversations and the agent's testimony, disclose his intent to obtain the marijuana. His subsequent actions in coming to Raleigh as promised with a large amount of cash which he presented as his proposed payment for the marijuana (even though he brought no cocaine and had less than the agreed price of $16,000 for the first bale) constitute the necessary substantial step which corroborates his intent. No change of purpose is evident in his remarks recorded just before the arrest. The jury's verdict on both counts was supported by sufficient evidence.
 
 
 6
 We find no abuse of discretion in the admission of tapes of the agent's recorded conversations with Hemingway and Denise. Although Hemingway suggested at trial that the tapes had been altered to make him appear guilty, the original tapes, the duplicate tapes played for the jury, and the transcripts provided as an aid were all authenticated by the agent. Hemingway denied that his was the voice heard on the tapes, and maintained that a portion of the recording made in the motel parking lot was unintelligible; however, our review of the arrest tape discloses that, although of poor quality, it was sufficiently complete and intelligible for use at trial. See United States v. Watson, 594 F.2d 1330 (10th Cir.) cert. denied, 444 U.S. 840 (1979) (tape may be excluded if unintelligible portions are so significant that whole recording is rendered untrustworthy).
 
 
 7
 We find no abuse of discretion in the admission of evidence of Hemingway's prior drug conviction and his aborted attempt to sell cocaine to an undercover officer. After Hemingway had testified that he had no interest in drugs and had come to Raleigh solely for business purposes, the evidence of his prior bad acts was admissible, as the district court instructed the jury, to show motive, intent and lack of mistake. Fed. R. Crim. P. 404(b).
 
 
 8
 Finally, we find no clear error in the computation of Hemingway's sentence. The whole fifty pounds of marijuana he negotiated to buy was properly used to calculate his offense level. United States Sentencing Commission, Guidelines Manual, § 2D1.4, comment. (n.1) (Nov. 1990); United States v. Brooks, 957 F.2d 1138 (4th Cir.) (§ 2D1.4 applies to negotiations to purchase as well as to sell drugs), cert. denied, 60 U.S.L.W. 3879 (U.S. 1992). Hemingway's statement to the probation officer that he accepted responsibility for the offense came only after he had been convicted, and he still denied that he had negotiated an exchange of cocaine for marijuana. The reduction is not normally available to a defendant who goes to trial denying guilt. U.S.S.G. § 3E1.1, comment. (n.2). Further, we have held that the reduction is appropriate only when a defendant acknowledges all his criminal conduct. United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990).
 
 
 9
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 Hemingway had a paving business