996 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
William JOHNSON, a/k/a William Adolphus Johnson, Defendant-Appellant.
 No. 92-5610.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 17, 1993.
Decided: June 24, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Richard B. Kellam, Senior District Judge. (CR-92-15-4)
 Leon R. Sarfan, Sarfan & Nachman, Newport News, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Arenda L. Wright Allen, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, PHILLIPS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 William Johnson was charged in a seven count indictment with four counts of inducing false statements to be made to a federally licensed firearms dealer in violation of 18 U.S.C.A.s 924(a)(1)(A) (West Supp. 1992), counts one, two, four, and six, and three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1988), counts three, five and seven. The jury convicted Johnson on all counts except count two. Johnson moved for acquittal on the grounds that the verdicts were inconsistent, and the evidence was insufficient to support his convictions. The district court denied the motion, and we affirm.
 
 
 2
 * Johnson's convictions arose out of four gun purchases. Counts one, two and three involve two purchases on October 29, 1990-one by Anthony Hall and the other by Errol McCloud. Hall testified that he, Johnson, and McCloud drove to Guns Unlimited where he purchased several guns for Johnson. Then, the three went to Peninsula Gun Works, where McCloud purchased several guns, which Johnson placed in the back seat of the car. In contradiction to Hall, McCloud testified that he did not know Johnson or Hall and did not go with them to purchase guns on October 29. He bought the guns by himself and sold them to a man named Keith.
 
 
 3
 Johnson alleges that the jury's acquitting him on the count charging him with inducing McCloud to falsify federal firearms documents, while convicting him of inducing Hall to do so, and possession of Hall's purchased guns, created irreconcilable inconsistencies between the verdicts, which suggest that the jury did not believe either Hall or McCloud. However, inconsistent verdicts do not require reversal of a conviction. United States v. Powell, 469 U.S. 57, 63 (1984) ("[T]he [inconsistent] verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.") (quoting Dunn v. United States, 284 U.S. 390, 393 (1932)); see also United States v. Thomas, 900 F.2d 37, 40 (4th Cir. 1990) (inconsistent verdict does not require new trial). Thus, Johnson's convictions on counts one and three are not defective.
 
 II
 
 4
 Counts four through seven involved gun purchases for Johnson by Lavandra Dickens on February 15, 1991, and April 12, 1991. We review a denial of a motion for acquittal to determine if the evidence, taken in a light most favorable to the prosecution, United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991), establishes the elements of the offense beyond a reasonable doubt, Jackson v. Virginia, 443 U.S. 307, 319 (1979). Dickens testified that she made the purchases, and identified Johnson as the person for whom she bought the guns. Johnson's only challenge to the evidence is that Dickens's testimony was not credible because it contradicted the testimony of another witness. However, the jury's determination of the credibility of witnesses is not reviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Thus, when viewed in a light most favorable to the Government, the evidence was sufficient to support Johnson's convictions on counts four through seven.
 
 
 5
 Therefore, we affirm Johnson's convictions and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED