45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard SMALL, Defendant-Appellant.
 No. 94-5157.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 25, 1994.
Decided: Dec. 29, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Robert R. Merhige, Jr., Senior District Judge, sitting by designation. (CR-93-70045)
 H. David O'Donnell, GREEN & O'DONNELL, Harrisonburg, VA, for Appellant. Robert P. Crouch, Jr., United States Attorney, Jennie L. M. Waering, Assistant United States Attorney, Roanoke, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Small appeals his conviction and sentence for conspiracy to possess cocaine base with intent to distribute, 21 U.S.C. Sec. 846 (1988), and his related distribution and possession charges. 21 U.S.C. Secs. 841(a)(1) & (b)(1)(C) (1988). Small advances four arguments on appeal; none have merit. Accordingly, we affirm Small's conviction and sentence.
 
 
 2
 Small first contends that because his jury panel contained no nonminority members, it was in violation of the fair cross-section requirement. See Duren v. Missouri, 439 U.S. 357, 363-64 (1979). In this case, the evidence before the court was that the jury was drawn at random from voter registration lists. Further, the clerk of the court testified that the jury was drawn in accordance with the plan for the court. Small argues only that, absent exclusion, blacks would have been adequately represented. Proof of under-representation in a particular panel or venire is not sufficient. The Constitution requires only that the cross-section is gathered without active discrimination. United States v. Cecil, 836 F.2d 1431, 1445 (4th Cir.) (in banc), cert. denied, 487 U.S. 1205 (1988). The jury-selection process at issue is very similar to a process approved by this Court in Cecil. This Court held that the use of voter registration lists was permissible, even where a defendant's race was under-represented, as long as qualification for inclusion on such lists did not involve active discrimination. Cecil, 836 F.2d at 1451-52. Because there is no showing of active discrimination, this issue is meritless.
 
 
 3
 Small next contends that the 100 to 1 ratio for translating the weight of cocaine to cocaine base discriminates on the basis of race in violation of his Fifth and Sixth Amendment rights.* This Court's
 
 
 4
 previous decisions show the lack of merit of this argument. We have held that Congress had a rational basis for imposing more severe penalties for offenses involving cocaine base than for those involving cocaine powder; therefore, there was no equal protection violation. United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990); see Washington v. Davis, 426 U.S. 229 (1976). This argument is also without merit.
 
 
 5
 Small's third and fourth contentions concern the district court's findings at sentencing. Small argues that the district court's findings regarding the amount of crack cocaine attributable to him for the purpose of determining a sentence were not supported by sufficient evidence, see United States v. Powell, 886 F.2d 81, 85 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990), and were not sufficiently specific. See United States v. Goff, 907 F.2d 1441, 1445 (4th Cir.1990). Neither of these contentions entitles Small to relief from his sentence. This Court reviews both of these determinations by a "clearly erroneous" standard. 18 U.S.C. Sec. 3742(e) (1988); Goff, 907 F.2d at 1444 (citing United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989)). Because of the abundance of evidence presented regarding the enormous quantities of crack cocaine, and the fact that the district court accepted an amount certain specified in the presentence report by summarizing a portion of the testimony against Small, we are not left with the "definite and firm conviction that a mistake has been committed." Faulconer v. Commissioner, 748 F.2d 890, 895 (4th Cir.1984) (citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Consequently, both of these contentions are without merit.
 
 
 6
 Accordingly, we affirm Small's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The record does not reflect Small's objection to the guidelines in this manner