46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jessie James DAWKINS, Defendant-Appellant.
 No. 94-5264.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1994.
Decided: Jan. 23, 1995.
 
 Timothy L. Brown, Greenville, SC, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, SC, for Appellee.
 Before HALL, MURNAGHAN, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jessie James Dawkins appeals his sentence on his guilty plea to conspiracy to possess with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. Secs. 841(a)(1), 846 (1988). Dawkins's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several sentencing issues, but asserting that there are no meritorious issues for appeal. Dawkins was notified of his right to file a supplemental brief, and has done so.
 
 
 2
 In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. Dawkins's challenge to a sentence within a properly calculated guideline range does not state an appealable question under 18 U.S.C.A. Sec. 3742 (West Supp.1994). United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990). Further, Dawkins's sentence is not impermissibly harsh in light of the different treatment by the sentencing guidelines of cocaine base and powder cocaine. United States v. Thomas, 900 F.2d 37, 38-39 (4th Cir.1990). Moreover, because Dawkins failed to object below, he has waived the right to raise the issues he has raised on appeal. See United States v. Grubb, 11 F.3d 426, 440 (4th Cir.1993). Because Dawkins's sentence was properly calculated, there is no plain error which would warrant appellate review absent an objection below. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993).
 
 
 3
 This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.