46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven GRAY, a/k/a Stevie, Defendant-Appellant.
 No. 94-5254.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1995.
Decided Feb. 9, 1995.
 
 Michael A. Grace, Lisa S. Costner, GREESON & GRACE, P.A., Winston-Salem, NC, for Appellant. Rebecca A. Betts, United States Attorney, Michael O. Callaghan, Assistant United States Attorney, Charleston, WVa, for Appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Steven Gray appeals from his conviction of and sentence imposed for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. Sec. 846 (West Supp.1994). Gray's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Gray filed an additional brief arguing that the disparity in sentences imposed for offenses involving crack cocaine as opposed to cocaine powder discriminates against African-Americans in violation of the Equal Protection Clause.
 
 
 2
 Our review of the plea agreement and the transcript of the hearing conducted pursuant to Fed.R.Crim.P. 11, reveals that the district court properly found a factual basis for the plea, see Fed.R.Crim.P. 11(f); United States v. Holmes, 840 F.2d 246, 248 n. 2 (4th Cir.), cert. denied, 488 U.S. 831 (1988), and that Gray's plea was knowing and voluntary. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Accordingly, we affirm Gray's conviction. We find no merit to Gray's equal protection argument, see United States v. Wallace, 22 F.3d 84, 88 (4th Cir.), cert. denied, 63 U.S.L.W. 3266 (U.S.1994); United States v. Bynum, 3 F.3d 769, 774 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S.1994); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990), and Gray's sentence was the result of a proper application of the sentencing guidelines. Therefore, we affirm Gray's sentence.
 
 
 3
 In accordance with the requirements of Anders, 386 U.S. at 744, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Gray's conviction and sentence. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED