53 F.3d 329
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ruthven YOUNG, a/k/a Ra Ra, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Don Anthony GUERRA, a/k/a Minister, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ashberth Sherran GUERRA, a/k/a Trinny, Defendant-Appellant.
 Nos. 93-5892, 93-5893, 93-5894.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 11, 1995.
Decided May 10, 1995.
 
 Philip A. Middleton, Charleston, SC; William L. Runyon, Jr., Charleston, SC; Harry Olander Shaw, III, Charleston, SC, for Appellants. J. Preston Strom, Jr., United States Attorney, Brucie H. Hendricks, Benjamin A. Hagood, Assistant United States Attorneys, Charleston, SC, for Appellee.
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ruthven Young, Don Anthony Guerra, and Ashberth Sherran Guerra appeal the sentences they received after they were convicted of conspiracy to possess cocaine and crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1994), and of multiple counts of possession of cocaine and crack with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994). They contend that the district court erred in finding that the federal sentencing guidelines are mandatory,[1] that the 100-to-1 quantity ratio for cocaine and crack offenses in Sec. 841 and USSG Sec. 2D1.1 violates equal protection, and that their sentences violate the Eighth Amendment by being disproportionate to their offenses. We affirm.
 
 
 2
 In 1991 and 1992, Don Guerra was the manager of the Kat's Inn Nightclub in Charleston, South Carolina, and also ran a drug distribution operation from there. His nephew, Ashberth Guerra (Trinny), was his right-hand man, and ran the organization when Don Guerra was absent. Ruthven Young (Ra Ra) was Don Guerra's lieutenant; he assisted in the distribution of cocaine and crack in North Charleston. During an investigation by the Drug Enforcement Administration (DEA), six controlled buys of cocaine and ten controlled buys of crack were made by confidential informants and an undercover DEA agent. The agent visited the Kat's Inn on four occasions.
 
 
 3
 Two confidential informants and co-defendant Isaac Pear, who pled guilty to conspiracy, testified against the Guerras and Young. The DEA agent also testified. Don Guerra was convicted of conspiracy and three counts of distribution; Ashberth Guerra was convicted of conspiracy and six counts of distribution; Young was convicted of conspiracy and one count of distribution. All were held accountable for 1.78 kilograms of cocaine, 2.59 kilograms of crack, and a small amount of marijuana. Don Guerra and Ashberth Guerra were sentenced to life imprisonment. Young was sentenced to 292 months imprisonment after the court found that no role enhancement was justified for him. None of the defendants had any prior convictions.
 
 
 4
 Appellants' first argument is somewhat difficult to decipher. They appear to argue either that the sentencing guidelines are unconstitutional because they violate the separation of powers doctrine, or that the district court erred in finding that it was required to impose the guideline sentence. The Supreme Court has held that Congress' delegation of authority to the Sentencing Commission to promulgate sentences does not violate the separation of powers doctrine, Mistretta v. United States, 488 U.S. 361, 371 (1989), and we have held, in United States v. Kratsas, 45 F.3d 63, 69 (4th Cir.1995), that the mere fact that a life sentence is mandatory does not make it unconstitutional. Therefore, the argument lacks merit. Moreover, the Appellants did not request a departure below the guideline range, and the court did not identify any factors which would warrant a departure.
 
 
 5
 Appellants next contend that Sec. 841 and guideline section 2D1.1, which prescribe much heavier penalties for offenses involving crack cocaine than for those involving cocaine powder, violate equal protection because a majority of defendants sentenced for crack offenses are members of minority groups. This Court has previously held that the crack penalties do not violate equal protection. See, e.g., United States v. Wallace, 22 F.3d 84, 88 (4th Cir.), cert. denied, 63 U.S.L.W. 3266 (U.S.1994); United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir.), cert. denied, 62 U.S.L.W. 3861 (U.S.1994). Consequently, this argument is also without merit.
 
 
 6
 Last, Appellants argue that the penalties for crack offenses are cruel and unusual, in violation of the Eighth Amendment, because they are disproportionately harsh in comparison to the penalties for offenses involving cocaine powder.[2] In particular, Appellants argue that the Guerras' sentences of life without parole are disproportionate to the offenses committed.
 
 
 7
 The Eighth Amendment prohibits sentences which are "grossly" or "significantly" disproportionate to the offense. Solem v. Helm, 463 U.S. 277, 288, 303 (1983). The three factors to be considered under the Solem proportionality test are (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same offense in other jurisdictions. Solem, 463 U.S. at 290-91. Applying the Solem test, this Court has held that an extended proportionality analysis is only required when the sentence is life without parole. United States v. Thomas, 900 F.2d 37, 39 (4th Cir.1990). Appellant Young's sentence thus can easily be found to be within the limits of the Eighth Amendment. Id. More recently, the Supreme Court has held that a sentence of life imprisonment without possibility of parole for a first offender who possessed 650 grams of cocaine with intent to distribute is not a sentence which violates the Eighth Amendment. Harmelin v. Michigan, 501 U.S. 957 (1991). The Guerras' offense involved 1786 grams of cocaine and 2591 grams of crack. This Court has held that the Solem proportionality test continues to apply in the wake of Harmelin. See Kratsas, 45 F.3d at 67; D'Anjou, 16 F.3d at 612-13. However, applying the Solem test as in Harmelin, and considering the substantial amount of drugs involved, the duration of the conspiracy, and the Guerras' leadership roles in the conspiracy, we find that the Guerras' life sentences are not grossly disproportionate to their offenses. See also United States v. Angulo-Lopez, 7 F.3d 1506, 1509-10 (10th Cir.1993), cert. denied, 62 U.S.L.W. 3691 (U.S.1993); United States v. Sturmoski, 971 F.2d 452, 462 (10th Cir.1992); United States v. Johnson, 944 F.2d 396, 408 (8th Cir.), cert. denied, 502 U.S. 1008 (1991).
 
 
 8
 The sentences imposed by the district court are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual Sec. 2D1.1 (Nov.1993)
 
 
 [2]
 We are aware that the Sentencing Commission has recently recommended that Congress reconsider the 100-to-1 quantity ratio for crack and cocaine offenses in Sec. 841. See U.S. Sentencing Commission: Executive Summary of Special Report on Cocaine and Federal Sentencing Policy, 56 Crim. L. Rep. (BNA) 2159 (Mar. 1, 1995). The Sentencing Commission is currently developing new guidelines for crack and cocaine offenses which may alter the 100-to-1 quantity ratio. Id. at 2171