**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 95-5811

BILLY ARON BREWINGTON, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Frank W. Bullock, Jr., Chief District Judge.
(CR-95-78)

Submitted: April 15, 1996

Decided: April 29, 1996

Before ERVIN and MOTZ, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL & JOHNSON, L.L.P.,
Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Loretta C. Biggs, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Billy Aron Brewington, Jr., pled guilty to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A.§ 841 (West 1981 & Supp. 1995). He appeals his 164-month sentence, challenging the district court's determination of the amount of crack attributable to him under the sentencing guidelines, USSG § 2D1.1,* as well as the constitutionality of the guidelines. We affirm.

Between 1992 and 1995, Brewington traveled to New York numerous times with various co-conspirators who pooled their resources to obtain crack and powder cocaine for sale in North Carolina. Brewington was the one who knew a source for cocaine in New York; later he found a second one. He often had others transport the cocaine back to North Carolina for him. When powder cocaine was purchased, Brewington cooked it into crack on his return to North Carolina and divided it among the purchasers. The probation officer recommended that Brewington be held responsible for 2.8 kilograms of crack, the entire amount of crack he obtained in concert with the other conspirators. Brewington argued at sentencing that only the amounts purchased with money he contributed (approximately half of the total) should be attributed to him because that was the limit of his agreement. The district court found him responsible for the whole 2.8 kilograms.

A defendant who has engaged in a conspiracy is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B). Conduct of others which is not in furtherance of the criminal activity jointly undertaken by the defendant is not relevant conduct. USSG

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1994).

2

§ 1B1.3, comment. (n.2); see United States v. Gilliam, 987 F.2d 1009, 1012-13 (4th Cir. 1993). It is readily apparent that all the crack obtained by Brewington and his co-conspirators was in furtherance of the conspiracy which Brewington had entered into and was within the scope of the agreement he made. The district court did not err in attributing the entire 2.8 kilograms to him.

Brewington also argues that the disparity between penalties for crack offenses and for cocaine offenses in § 841 and USSG § 2D1.1 violates due process, equal protection, and the Eighth Amendment. He acknowledged that prior decisions of this court have held otherwise, and we find no merit in his contention. See, e.g., United States v. Fisher, 58 F.3d 96, 98-100 (4th Cir.), cert. denied, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir. 1990).

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3