**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 95-5755

FRANKLIN GLOVER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-95-366)

Submitted: June 20, 1996

Decided: July 16, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Margaret B. Seymour, United States
Attorney, Sean Kittrell, Assistant United States Attorney, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Franklin Glover pled guilty to possession of powder cocaine and crack cocaine with intent to distribute, 21 U.S.C.A.§ 841 (West 1981 & Supp. 1996), and was sentenced to a term of 94 months imprisonment. He appeals his sentence, contending that the district court erred in refusing to invalidate the sentencing guidelines applicable to crack cocaine offenses. We affirm.

Before he was sentenced, Glover requested that the district court invalidate, on due process grounds, the sentencing guideline which sets the penalties for crack offenses, United States Sentencing Commission, Guidelines Manual, § 2D1.1 (Nov. 1994). He asserted that, because the Sentencing Commission had recently proposed amending USSG § 2D1.1 to eliminate the difference in sentencing cocaine and crack offenses, a sentence imposed under the current guideline would be a sentence in violation of law and a denial of due process. The district court refused to invalidate the current guideline, finding that higher sentences for crack offenses are justified because crack is more addictive and has a more devastating effect on the user. We have no difficulty in affirming the court's ruling because we have previously upheld the crack sentencing scheme against similar challenges. See, e.g., United States v. Fisher, 58 F.3d 96, 98-100 (4th Cir.), cert. denied, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923) (vagueness, equal protection); United States v. Bynum , 3 F.3d 769, 774-75 (4th Cir. 1993), cert. denied, 62 U.S.L.W. 3552 (U.S. Feb. 22, 1994) (No. 93-7295) (disparate impact); United States v. Thomas, 900 F.2d 37, 38-40 (4th Cir. 1990) (Eighth Amendment and equal protection); see also United States v. Hayden, ___ F.3d ___, 1996 WL 287799, at *3 (4th Cir. May 31, 1996) (holding that proposed amendment does not alter prior decisions).

On appeal, Glover argues that in creating the 100-to-1 ratio for crack and cocaine offenses the Sentencing Commission violated the statutory mandates of 18 U.S.C.A. §§ 3553(a)(2), (b) (West 1985 & Supp. 1996), and 28 U.S.C. § 991(b) (1988), which set out the general purposes of the Sentencing Commission. Specifically, he contends that the current version of USSG § 2D1.1 is unfair in that it provides

2

different sentences for defendants who are guilty of similar criminal conduct. He also maintains that the statutes mandate proportionality review for all guideline sentences. These particular arguments were not made in the district court and are subject to plain error review. Fed. R. Crim. P. 52(b). However, our precedents again are to the contrary. In Thomas, we held that an extensive proportionality review is not required for mandatory minimum sentences for crack offenses which are less than life sentences without parole. 900 F.2d at 39. In Fisher, we held that Congress intentionally imposed separate penalties for crack offenses because crack is a "particularly harmful form of cocaine," a form that is more destructive than powder cocaine. 58 F.3d at 99. Therefore, Glover's arguments provide no basis for invalidating USSG § 2D1.1.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3