**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5602

IVORY LEONARD DAVIS, a/k/a Ivory,
a/k/a Edward Jay Porter,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                   No. 95-5613

GREGORY EARL PINNIX,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-95-27)

Submitted: July 25, 1996

Decided: August 14, 1996

Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

No. 95-5602 affirmed and No. 95-5613 dismissed by unpublished per
curiam opinion.

_____

**COUNSEL**

Charles A. Lloyd, Greensboro, North Carolina; K. E. Krispen Culbertson, Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ivory Leonard Davis and Gregory Earl Pinnix both pled guilty to engaging in a conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1996). Davis appeals his 131-month sentence contending that the district court clearly erred in finding that he obstructed justice, USSG § 3C1.1, **1** and that it was foreseeable to him that Pinnix would possess a firearm during the offense, USSG §§ 1B1.3, 2D1.1(b)(1). He also challenges his sentence on constitutional grounds. Pinnix appeals his 188-month sentence alleging that the district court erred in denying him a downward departure for diminished capacity, USSG § 5K2.13, p.s., or aberrant behavior, USSG, Ch. 1, Pt. A, 4(d), p.s. We affirm the sentence imposed on Davis and dismiss Pinnix's appeal.

In January 1995, Davis sent a courier from New York to North Carolina with a kilogram of crack intended for Pinnix. The courier was stopped for speeding in Maryland and cooperated with authorities after the crack was discovered. Meanwhile, Davis flew to North Carolina, where Pinnix met him at the airport. The two drove to the motel where the courier was waiting with the crack. Pinnix carried a plastic

_____

**1** United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

bag containing $25,890 in cash into the room. Davis and Pinnix then removed the crack from a hidden compartment in the courier's car and carried it into the motel room. As they were unwrapping the crack, they were arrested. A firearm was found under the driver's seat of Pinnix's car. Pinnix informed authorities that he began dealing crack with his co-defendant in September 1994.

Davis told the arresting officers that his name was Edward Jay Porter. He was indicted under that name and entered a not guilty plea before a district court judge. Two months later, while plea negotiations were ongoing, the government received information that he had used an alias. Davis then revealed his true name and the government learned that charges of attempted murder and other violent acts were pending against him in New Jersey.

Davis's conduct clearly warranted an adjustment for obstruction of justice because he willfully provided materially false information to the district court judge when he entered his plea under a false name. USSG § 3C1.1, comment. (n.3(f)). False information is material if it would tend to influence an issue under determination. Id. (n.5). Davis's correct identity and past criminal conduct was relevant to the issue of detention and, potentially, to the determination of his criminal history and his sentence. Although Davis's true identity was revealed before he was sentenced, and the pending state charges did not increase his criminal history score, the adjustment is properly given for an attempt to obstruct justice even when it is unsuccessful.

We find that Davis's sentence was properly enhanced under USSG § 2D1.1(b)(1), comment. (n.3), which adds two levels if a firearm was present unless its connection to the offense is clearly improbable. While Davis asserted that he did not know the pistol was in the car, the district court found that Pinnix possessed the firearm in furtherance of the conspiracy and that it was reasonably foreseeable to Davis that Pinnix would possess a firearm to protect the large amount of cash he had in the car on the way to the motel and the large amount of crack he intended to obtain there. USSG § 1B1.3(a)(1)(B). The court's finding was not clearly erroneous. See United States v. White, 875 F.2d 427, 433 (4th Cir. 1989).**2**

_____

**2** The Supreme Court's decision in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (No. 94-7448/7492), does not change this result. See United States v. Castillo, 77 F.3d 1480, 1499 n.34 (5th Cir. 1996).

Davis's arguments with regard to the constitutionality of the penalties for crack offenses are meritless in light of our prior decisions. United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir. 1990); United States v. Johnson, 54 F.3d 1150, 1163 (4th Cir. 1995); United States v. Fisher, 58 F.3d 96, 99 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923). The district court's decision against a departure in Pinnix's case is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).

We therefore affirm the sentence imposed on Davis. We dismiss the appeal of Pinnix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 95-5602 - AFFIRMED

No. 95-5613 - DISMISSED

4