**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5623

CHARLES QUINCY WARD,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Matthew J. Perry, Jr., Senior District Judge.
(CR-94-631)

Submitted: July 25, 1996

Decided: August 15, 1996

Before LUTTIG and MOTZ, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

I. S. Leevy Johnson, JOHNSON, TOAL & BATTISTE, P.A., Colum-
bia, South Carolina, for Appellant. Margaret B. Seymour, United
States Attorney, Marvin J. Caughman, Assistant United States Attor-
ney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Quincy Ward appeals the 78-month sentence he received after pleading guilty to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1996). He contends that the district court erred in denying him a downward departure on equal protection grounds. We affirm.

Ward first argues that the district court erred in relying on our precedents to find that the 100-to-1 ratio prescribed in the sentencing guidelines* for crack and powder cocaine offenses does not violate equal protection. Ward invites us to reconsider our prior rulings, alleging that the discriminatory impact of the ratio was purposeful. We find that his allegation is unsupported and that the district court's ruling was correct. See, e.g., United States v. Wallace, 22 F.3d 84, 88 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3266 (U.S. Oct. 3, 1994) (No. 94-5653); United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir.), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3861 (U.S. June 27, 1994) (No. 93-9131); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir. 1990)

Second, Ward maintains that the district court had discretion to depart under USSG § 5K2.0, p.s., and erred in not doing so. In this case, the district court clearly wished to impose a lower sentence than that required under the guidelines, but found that a departure was precluded by United States v. Bynum, 3 F.3d 769, 774-75 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3552 (U.S. Feb. 22, 1994) (No. 93-7295). Because the district court made a legal decision that it lacked authority to depart rather than exercising its discretion, we review its decision de novo. United States v. Hall, 977 F.2d 861, 863

_____

*United States Sentencing Commission, Guidelines Manual § 2D1.1 (Nov. 1994); see also 21 U.S.C.A. § 841(b) (West 1981 & Supp. 1996).

2

(4th Cir. 1992). The court's decision was correct. Moreover, this panel cannot overrule the decision of a prior panel in this Circuit. Brubaker v. Richmond, 943 F.2d 1363, 1381-82 (4th Cir. 1991).

We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3