**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4284

KEITH NEAL WRIGHT, a/k/a Jazz,
a/k/a Jermone Farrow,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-95-90)

Submitted: January 21, 1997

Decided: February 11, 1997

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Matthew Martin, MARTIN & MARTIN, P.A., Hillsborough, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Gill P. Beck, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Keith Wright appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). Wright contends on appeal that his sentence violates the Equal Protection Clause, the district court should have granted his motion for acquittal because there was insufficient evidence to support his sentence, that the evidence was insufficient to support a sentencing enhancement, and that the prosecutor made an improper comment during closing argument. Finding no error, we affirm.

I

Wright first claims that this court should revisit its prior decisions holding that the disparity in sentencing between cocaine base and powder cocaine offenses is constitutionally permissible. United States v. Fisher, 58 F.3d 96, 98-100 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3720 (U.S. Oct. 10, 1995) (No. 95-5923); United States v. Byrnum, 3 F.3d 769, 774-75 (4th Cir. 1993); United States v. Thomas, 900 F.2d 37, 38-40 (4th Cir. 1990). Wright relies on the recommendation of the United States Sentencing Commission that the disparity be eliminated. However, Congress did not adopt the Sentencing Commission's recommendation to eliminate or reduce the disparity. See United States v. Hayden, 85 F.3d 153, 157-58 (4th Cir. 1996). We decline to revisit our precedent in this area, and hold that the disparity presents no ground for overturning Wright's sentence.

II

Wright next contends that the district court should have granted his motion for a new trial because the evidence was insufficient to support the jury's guilty verdict. This Court reviews a challenge to the sufficiency of the evidence in the light most favorable to the govern-

2

ment. Glasser v. United States, 315 U.S. 60, 80 (1942). See generally United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). The court considers both circumstantial and direct evidence, and allows the government the benefit of all reasonable inferences from the facts established to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The credibility of witnesses is in the sole province of the jury and is not subject to appellate review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Wright's conviction was based almost exclusively on the testimony of several people with whom he dealt drugs. Not surprisingly, all of these witnesses had criminal record. All had pled guilty to drug offenses, and would not be sentenced until after Wright's trial. All testified that although they had not been promised any specific reduction in exchange for their testimony, they hoped for lighter sentences.

The Government's primary witness was Andre Royster. Royster testified that after he met Wright, he bought small quantities of cocaine from Wright to cook into crack cocaine. Thereafter, Royster started buying crack cocaine from Wright, first in one ounce quantities, later escalating to half kilogram and kilogram quantities. Eventually Royster was buying crack cocaine from Wright at the rate of one kilogram every seven to ten days. Royster observed several transactions between Wright and other drug dealers, and eventually Wright began using Royster as the middleman between himself and these other dealers.

Two other drug dealers also testified that they had purchased substantial quantities of drugs from Wright for resale. James Davis stated that on one occasion he bought a half kilogram of crack from Wright. Antwan Smith admitted to buying two ounces of crack at a time from Wright on five or six occasions.

There was ample testimony at trial to establish that Wright conspired with Royster and others to distribute crack cocaine over a period of several years. Wright's challenge to this evidence, though, is that it came from his co-conspirators, drug dealers all, who were inherently incredible. Accomplice testimony, standing alone, can serve as the basis for a conviction. United States v. Burnes, 990 F.2d 1426, 1439 (4th Cir. 1993). Further, as the Seventh Circuit has noted,

3

"`[w]e cannot expect that witnesses will possess the credibility of people of the cloth, such as rabbis, priests, and nuns; that is why one of the jury's roles is to decide the credibility of witnesses.'" United States v. Rose, 12 F.3d 1414, 1425 (7th Cir. 1994) (quoting United States v. Rovetuso, 768 F.2d 809, 818 (7th Cir. 1985)). Wright was able to cross examine each of the witnesses to bring out potential bias and problems with credibility. The jury's determination that these witnesses were credible is not reviewable on appeal. Accordingly, the district court did not err in denying Wright's motion for new trial based on insufficient evidence.

III

Wright next contends that there was not sufficient evidence to support the two-point sentencing enhancement for possession of a firearm. See United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1994). Whether the district court correctly applied a sentencing enhancement for possession of a firearm during the commission of a drug conspiracy is essentially a factual question reviewed for clear error. United States v. Banks , 10 F.3d 1044, 1057 (4th Cir. 1993). Because the question relates to a sentencing enhancement, the Government had the burden of proving possession of a firearm by a preponderance of the evidence. United States v. Powell, 886 F.2d 81, 85 (4th Cir. 1989).

Royster testified that he had seen Wright in possession of various firearms in relation to the drug business. Contrary to Wright's assertion on appeal, the questions put to Royster were not ambiguous.[1] Further, Royster's testimony established both that Wright possessed firearms and that Wright's possession was connected to his drug

_____

[1] Royster testified:

> Q: On the occasions when you did business with Mr. Wright, did you ever see him in possession of a firearm?
>
> A: Yes, sir.
>
> Q: What type?
>
> A: .32s, 9 millimeters, .45 Glocks, a number of guns.

(J.A. 68).

4

offense. United States v. Nale, 101 F.3d 1000, 1004 (4th Cir. 1996). The district court, relying on Royster's testimony, did not clearly err in determining that Wright possessed a firearm in relation to the drug trafficking conspiracy. Accordingly, this challenge is without merit.

IV

Finally, Wright contends that the prosecutor implicated, in his closing statement, that Wright was telling his counsel what to ask during cross examination of the Government's witnesses, and that the prosecutor's implication was an indirect comment on Wright's decision not to testify.**2** Wright did not object to this statement during the trial, so it may only be the basis for relief if it amounted to plain error. United States v. Olano, 507 U.S. 725, 732 (1993).

The prosecutor is forbidden from commenting upon the defendant's silence at trial. Griffin v. California , 380 U.S. 609, 613-14 (1965). "The test for determining whether an indirect remark constitutes an improper comment on a defendant's failure to testify is: `Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.'" United States v. Whitehead, 618 F.2d 523, 527 (4th Cir. 1980) (quoting United States v. Anderson, 481 F.2d 685, 701 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974)).

Even if the prosecutor's statement could be considered to implicate

_____

**2** During closing argument, the prosecutor said:

> Remember cross examination when Mr. Martin would ask [Royster] a question and then get his [Martin's] sleeve pulled on and then all of a sudden, what about "Puma"? What about the S and M girls? What about "T.T."? He told you he[Royster] went independent. He told you that on direct examination. But Mr. Martin will stand before you and say, with a very straight face, well, the evidence didn't say anything about that until I asked him about that on cross-examination. Another example of the evidence not supporting the argument.

(J.A. 240).

5

Wright's decision not to testify, any error was harmless. See United States v. Hastings, 461 U.S. 499, 508 (1983). The evidence at trial was more than sufficient to support Wright's conviction, and the prosecutor's statement was so tangentially related to Wright's silence at trial that the jury would not have reached a different conclusion in the absence of the prosecutor's comment. Finally, even if there was an error, it does not rise to the level of plain error, as defined in Olano. Therefore, this claim lacks merit.

We affirm Wright's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED

6