**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 98-4623

JOHN PATRICK DOYLE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CR-98-67)

Submitted: February 26, 1999

Decided: March 22, 1999

Before ERVIN, HAMILTON, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William D. Turner, III, CRANDALL, PYLES, HAVILAND & TUR-
NER, L.L.P., Lewisburg, West Virginia, for Appellant. Rebecca A.
Betts, United States Attorney, L. Anna Crawford, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant John Patrick Doyle appeals his conviction for conspiracy to commit an offense or defraud the United States in violation of 18 U.S.C. § 371 (1994), possessing counterfeit Federal Reserve notes in violation of 18 U.S.C. § 472 (1994), and aiding and abetting the uttering of counterfeit Federal Reserve notes in violation of 18 U.S.C. §§ 2, 472 (1994). On appeal, Doyle argues that his conspiracy conviction should be vacated because his charged co-conspirator was acquitted, resulting in an inconsistent verdict, and that insufficient evidence existed to support all counts of his conviction. Finding no error, we affirm.

Appellant Doyle and his son are citizens of the United Kingdom and residents of Liverpool, England. In December 1995, Appellant Doyle and his son made the acquaintance of Teresa Tilley, also a British citizen, but permanently residing in the United States in Charlton Heights, West Virginia. In the spring of 1997, Doyle telephoned Tilley and discussed his plan to come to the United States and pass counterfeit United States currency. Tilley agreed to join Doyle in the plan. Over the next eight months, Doyle sent shipments of counterfeit fifty dollar Federal Reserve notes.

On February 15, 1998, Doyle and his son, John Joseph Doyle (Joe Doyle), arrived in Washington, D.C. Lee Ann Tilley, Teresa Tilley's daughter, and her boyfriend, Josh LeMasters, drove from West Virginia and met the Doyles at the airport. They all checked into a hotel. In the Doyles' hotel room, Lee Ann Tilley and LeMasters observed Doyle unpack several bags of counterfeit money and discuss with Joe Doyle the manner in which they would pass the counterfeit notes. Lee Ann Tilley and LeMasters drove the Doyles to Teresa Tilley's house in Charlton Heights, West Virginia, on February 16, 1998.

The next day, February 17, Doyle showed Tilley a large portion of the counterfeit notes that he smuggled into the United States. Some of the notes were sewn into the shoulder pads of his overcoat. Later the same day, Tilley drove Doyle and Joe Doyle into town so that they could begin to pass the counterfeit notes. Tilley and Doyle suc-

2

cessfully passed fifty dollar notes at five businesses. On three of these occasions, Doyle stayed in the car and instructed Tilley to purchase an inexpensive item and return the legitimate change to him.

The following day, Tilley and Joe Doyle went to a local video store. Joe Doyle purchased a carton of cigarettes with a counterfeit note and left the store. The store clerk was suspicious of the authenticity of the bill and Joe Doyle's nervous manner and immediately called the police. On February 19, 1998, United States Secret Service agents and local law enforcement arrived at Tilley's residence. Tilley consented to a search of her home. The officers found a plastic bag containing $8850 of counterfeit fifty dollar notes floating in the water tank of a toilet. After the discovery of the notes, Tilley confessed her involvement in the Doyles' scheme. Tilley subsequently pled guilty to one count of passing a counterfeit note.

The Doyles' cases proceeded to a jury trial. The jury convicted Appellant Doyle of seven of eight charged counts, including the conspiracy count. The jury convicted Joe Doyle of only two counts: possession of counterfeit notes and passing counterfeit notes. The jury acquitted Joe Doyle of the conspiracy count.

First, Doyle argues that his conviction for conspiracy and his son's acquittal on the same charge resulted in inconsistent verdicts and therefore his verdict must be vacated. Doyle filed pro se post-trial motions arguing that the inconsistent verdicts were improper. The district court denied them based upon sound circuit precedent. Doyle acknowledges that this court has held in several cases that inconsistent verdicts are not improper. However, he argues that allowing inconsistent verdicts to stand is not proper and the court should reconsider the issue. This court has upheld inconsistent conspiracy verdicts even when all other co-conspirators were acquitted. See United States v. Thomas, 900 F.2d 37, 40 (4th Cir. 1990); United States v. Vogt, 910 F.2d 1184, 1203 (4th Cir. 1990). We therefore find that the district court properly denied the motion for a new trial and allowed the conspiracy verdict to stand.

Next, Doyle alleges that there was insufficient evidence to convict him on any count. He principally bases his challenge upon the lack of direct physical evidence linking him to the counterfeit notes. We

3

sustain a conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt based upon the evidence in the light most favorable to the Government. See Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial evidence must be weighed as direct evidence would be. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The uncorroborated testimony of a single witness may be sufficient, even if that witness is an accomplice. See United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984). Credibility determinations are strictly a matter for the trier of fact, and will not be reviewed on appeal. See United States v. Johnson, 55 F.3d 976, 979 (4th Cir. 1995).

Both Teresa and Lee Ann Tilley testified at trial. They fully testified to their knowledge of the Doyles' plan to pass the counterfeit notes throughout the United States. Appellant Doyle also met another inmate, Ronald Christian, while he was detained at a regional jail. Doyle confided to Christian and admitted his scheme to pass counterfeit notes throughout the United States and how he used Tilley's assistance. Christian testified to these facts at trial. This is sufficient evidence to sustain the conspiracy conviction.

The Government presented overwhelming evidence at trial of Doyle's knowing possession of counterfeit notes. The Government presented the physical evidence of fifteen latent fingerprints belonging to Doyle on counterfeit notes taken from Tilley's house. Several witnesses testified to their observance of Doyle in possession of the notes. Therefore, we also find the evidence sufficient to sustain the possession conviction.

Finally, Doyle contests his conviction for aiding and abetting the passing of counterfeit notes. Tilley testified to the February 17, 1998 "passing spree" during which Doyle instructed her to go into stores, purchase an inexpensive item, and return the change to him. In addition, Christian testified that Doyle admitted to him that he used Tilley to pass the counterfeit notes. We therefore find that sufficient evidence existed to support the convictions on these counts.

We note that Doyle filed a petition for rehearing contemporaneously with his brief based upon his anticipation that a panel of the court would not reconsider the court's holdings on inconsistent ver-

4

dicts. A petition for rehearing may not be filed until after the entry of judgment and thus is premature when filed with the appeal brief. See Fed. R. App. P. 40(a)(1). Doyle must therefore refile the petition for rehearing, if he so desires, upon entry of judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5