**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4782**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

BARRY TUNSTALLE,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Thomas E. Johnston, District Judge.  (5:07-cr-00014-01)

---

Submitted:  January 30, 2008        Decided:  February 22, 2008

---

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Tunstalle pled guilty to one count of distributing cocaine base (crack), 21 U.S.C. § 841(a)(1) (2000), and was sentenced to a term of fifty-five months imprisonment. Tunstalle appeals his sentence, contending that the district court erred in not considering the inherent inequity of the 100:1 ratio for crack offenses and powder cocaine offenses as the basis for a variance in his case, and that his sentence is consequently unreasonable. We vacate the sentence and remand for resentencing.[*]

At sentencing, Tunstalle requested a variance on the ground described, but acknowledged our decision in United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (holding that 100:1 ratio may not be used as basis for variance), vacated, 128 S. Ct. 853 (2008). The district court declined to impose a variance sentence.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). A sentence within a correctly calculated advisory guideline range is accorded a rebuttable presumption of reasonableness on appeal. United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding

---

[*]In his plea agreement, Tunstalle waived his right to appeal the reasonableness of any sentence within the guideline range. Because the government has not asserted the waiver as a bar to this appeal, we do not consider it. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

presumption of reasonableness for within-guidelines sentence). However, after the parties' briefs were filed, the Supreme Court decided, in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." <u>Kimbrough</u>, 128 S. Ct. at 575. <u>Kimbrough</u> thus abrogated <u>Eura</u>.

Because the district court did not have the benefit of <u>Kimbrough</u> when it determined Tunstalle's sentence, we vacate the sentence and remand for resentencing in light of <u>Kimbrough</u>. On remand, the amended guidelines for crack offenses, effective November 1, 2007, will apply. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>