**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4710**

———————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

BARRY TUNSTALLE,

            Defendant – Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Thomas E. Johnston, District Judge.  (5:07-cr-00014-TEJ-1)

———————

Submitted:  April 30, 2009          Decided:  December 15, 2009

———————

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Miller A. Bushong, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Tunstalle pled guilty in 2007 to distributing cocaine base (crack) and was sentenced within the guideline range to a term of fifty-five months imprisonment. On appeal, we vacated the sentence and remanded for resentencing in light of Kimbrough v. United States, 552 U.S. 85 (2007). See United States v. Tunstalle, 266 F. App'x 291 (4th Cir. 2008). On remand, the district court applied the revised guidelines for crack offenses and recalculated Tunstalle's advisory guideline range as 37-46 months. The court then imposed a thirty-two-month variance sentence pursuant to 18 U.S.C. § 3553(a) (2006), in view of Tunstalle's relative youth and relative lack of criminal history. In this appeal, Tunstalle contends that the sentence violates his Fifth Amendment substantive due process rights because the statutory sentencing scheme and the sentencing guidelines for crack offenses, which provide harsher sentences than for powder cocaine offenses, are not rationally related to a legitimate government interest. We affirm.

Tunstalle argues that our prior decisions upholding the statutory sentencing scheme for crack offenses should not control because they addressed equal protection claims, while he is "seeking to vindicate his individual due process right not to be subject to an arbitrary and irrational sentencing scheme." However, we have rejected claims that the sentencing disparity

between powder cocaine and crack offenses lacks a rational basis. See United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (holding that § 841(b) has a rational basis); United States v. Thomas, 900 F.2d 37 (4th Cir. 1990) (same). While Tunstalle maintains that data collected since Thomas was decided has eroded the factual support for its holding, he concedes that Kimbrough does not call into question the disparity he is challenging. Moreover, since Kimbrough was decided, the Second Circuit has affirmed its own prior decisions upholding the constitutionality of § 841(b) in a case where the appellant claimed that "§ 841(b) violates the equal protection component of the Fifth Amendment's Due Process Clause because there is no rational basis for the disparity between sentences for powder and crack cocaine." United States v. Samas, 561 F.3d 108, 109 (2d Cir. 2009).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED