**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4063**
_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

BOBBY LAVERNE KERSEY,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:07-cr-00371-JAB-1)

_____

Submitted: June 11, 2009         Decided: July 15, 2009

_____

Before TRAXLER, Chief Judge, and MICHAEL and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Winston-Salem, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Laverne Kersey pled guilty, pursuant to a plea agreement, to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). He was sentenced to 120 months' imprisonment. Kersey's attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal but arguing that the 100-to-1 disparity in sentencing between crack and powder cocaine violates the equal protection clause. Kersey was advised of the opportunity to file a pro se supplemental brief and has not done so. We affirm.

Because this equal protection challenge was not raised during sentencing, our review is for plain error. <u>See</u> Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993). Under plain error review,

> [A]n appellate court may correct an error not brought to the attention of the trial court if (1) there is an error (2) that is plain and (3) that affects substantial rights. If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

<u>United States v. Carr</u>, 303 F.3d 539, 543 (4th Cir. 2002) (internal quotation marks, citations, and alterations omitted).

Here, it is clear Kersey's sentence did not violate his equal protection rights. We have repeatedly held that the

2

sentencing disparity between cocaine powder and crack offenses does not violate either equal protection or due process. See United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc) (collecting cases and holding that § 841(b)(1)(A) has a rational basis). In Burgos, we again outlined a rational basis for the disparity between crack and powder cocaine:

> Congress could rationally have concluded that distribution of cocaine base is a greater menace to society than distribution of cocaine powder and warranted greater penalties because it is less expensive and, therefore, more accessible, because it is considered more addictive than cocaine powder and because it is specifically targeted toward youth.

Id. at 877 (quoting United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir. 1990)). Accordingly, Kersey's equal protection claim is without merit.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED