**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4064**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICKY BROWN,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:07-cr-00366-JAB-1)

Submitted: July 10, 2009         Decided: July 20, 2009

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Brown pled guilty pursuant to a written plea agreement to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) (2006). The district court imposed the statutory mandatory minimum sentence of 120 months' imprisonment. Brown timely appealed.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting no meritorious issues for appeal but challenging the constitutionality of § 841, contending the sentencing disparity between powder cocaine and crack offenses violated Brown's right to equal protection and bears no rational relationship to any lawful government purpose. Brown has not filed a pro se supplemental brief, and the Government declined to file a brief. Finding no reversible error, we affirm.

Brown's challenge to the constitutionality of 21 U.S.C. § 841 (2006) lacks merit. This court has repeatedly held that the sentencing disparity between cocaine powder and crack offenses does not violate either equal protection or due process, and that § 841 has a rational basis. See United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995); United States v. Thomas, 900 F.2d 37, 39 (4th Cir. 1990). Furthermore, the 2007 amendments to the Sentencing Guidelines have no effect

2

on the constitutionality or applicability of the statutory mandatory minimum sentences for crack offenses. <u>Kimbrough v. United States</u>, 128 S. Ct. 558, 573 (2007).

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>